IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RAYMOND B. HINTON, | Case Nos. 1:21-CR-00350-PAB; 1:22-CV-01988-PAB |
| Defendant-Petitioner, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Respondent. | MEMORANDUM OPINION & ORDER |

This matter comes before the Court upon Defendant-Petitioner Raymond Hinton's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255, dated November 3, 2022. (Doc. No. 34.) Plaintiff-Respondent the United States of America filed a Response in Opposition on February 2, 2023, to which Hinton replied on March 6, 2023. (Doc. Nos. 42, 45.) For the following reasons, Hinton's Motion is DENIED.

I. **Background**

On May 13, 2021, Hinton was named in a one-count indictment charging him with possession with intent to distribute a controlled substance, specifically methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. No. 16.) On November 1, 2021, Hinton pleaded guilty to the charge, pursuant to a written plea agreement. (*See* 11/1/2021 Minutes of Proceedings; *see also* Doc. No. 26.) The written plea agreement did not contain any stipulations about Hinton's criminal history. (Doc. No. 26, PageID# 99.) Hinton agreed that the Court would determine his criminal history category after the completion of a Presentence Investigation by the U.S. Probation Office. (*Id.*)

On February 24, 2022, the U.S. Probation Office filed its final Presentence Investigation Report ("PSR") regarding Hinton. (Doc. No. 29.) ███

███

███

███

Relevant to the instant Motion are Hinton's prior convictions listed in paragraphs 46 through 48 of the PSR. All three convictions stem from the same May 8, 2012 traffic stop. On May 8, 2012, two Cleveland police officers pulled Hinton over after running his license plate and discovering that Hinton had a suspended driver's license. (*See* Doc. No. 34-3, PageID# 207.) Hinton was placed under arrest. (*Id.*) Police officers discovered burnt marijuana, buprenorphine ("Subutex") pills, and an Ohio Direction Card that did not belong to Hinton in his vehicle. (*Id.*) ███

███

---

[1] According to the plea agreement, the parties stipulated that a base offense level of 32 applied before any reduction for acceptance of responsibility. (Doc. No. 26, PageID# 99.) ███

2



[redacted]

[redacted]

> [redacted]

[redacted]

[2] Per U.S.S.G. § 4A1.2(c)(1), sentences for misdemeanor driving with a suspended license are counted only if "A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense . . . ."

██████████████████████████████████████████████████
███████████████████████████████████████

      Hinton appeared before the Court for sentencing on March 10, 2022.  (*See* 3/10/2022 Minutes of Proceedings.)  ████████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████

      On November 3, 2022, Hinton filed the instant Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255, asserting that his attorney failed to properly object to the probation officer's separate scoring for each conviction identified in paragraphs 46 through 48.  (Doc. No. 34.)  The Government filed a Response to Hinton's Motion on February 2, 2022.  (Doc. No. 42.)  Hinton filed a Reply in Support of his Motion on March 6, 2023.  (Doc. No. 45.)  Thus, Hinton's Motion is now ripe and ready for a decision.

**II.     Standard of Review**

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

To warrant relief under § 2255, a petitioner who pleaded guilty "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  A court may only grant relief if the petitioner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

If a factual dispute arises, the "court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). No hearing is required, however, "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255."); *cf. Valentine v. United States*, 488 F.3d

325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

**III. Analysis**

Hinton argues that he received ineffective assistance of counsel when his counsel failed to object during Hinton's sentencing to the separate scoring of the convictions identified in paragraphs 46 through 48 in the PSR. (Doc. No. 34, PageID# 193-94.) Hinton argues that paragraphs 46 through 48 involved a single arrest that included different felony and misdemeanor counts but were listed on his PSR "separately as if they were separate arrests." (*Id.* at PageID# 193.) Hinton argues that he should have been assigned only one criminal history point for the entire arrest, and not two separate points for his drug possession conviction and his drug abuse conviction. (*Id.*) Hinton asserts that the additional criminal history point caused him to be placed in a higher criminal history category. (*Id.*) He asserts that his attorney objected to this calculation in Hinton's PSR "but failed to litigate the issue during sentencing and/or provide proof that items #46-48 on the PSR were all from a single arrest." (*Id.* at PageID# 194.)

The Government opposes Hinton's Motion. (Doc. No. 42.) ███████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

6

[redacted]

Claims of ineffective assistance of counsel are appropriately raised in a § 2255 motion, and a petitioner "must prove his allegation that his lawyers were constitutionally ineffective by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The well-established federal law used for assessing ineffective assistance of counsel claims is the framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* imposes a two-part test for determining whether counsel was unconstitutionally ineffective. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). The first prong assesses counsel's performance. Under this prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. In other words, a court assessing an ineffective assistance claim must "determine whether, in light of all the circumstances, the [challenged] acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. When making this assessment, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Second, to amount to a constitutional violation, the error by counsel must have been prejudicial to Hinton. *Id.* at 691-92. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Under *Strickland,* "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691; *accord, e.g.*, *Wiggins*, 539 U.S. at 521-22. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. As the Sixth Circuit has explained, "[t]he deference a reviewing court must give to counsel's strategic decisions depends on the adequacy of the investigation underlying counsel's decisions." *Smith v. Jenkins*, 609 Fed. Appx. 285, 292 (6th Cir. 2015) (citing *Wiggins*, 539 U.S. at 521). Failure to make such an investigation "must be supported by a reasoned and deliberate determination that investigation was not warranted." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994) (interpreting *Strickland*).

Section 4A1.2(a)(2), "Definitions and Instructions for Computing Criminal History," of the Sentencing Guidelines, provides that prior criminal sentences "always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest . . . ." U.S.S.G. § 4A1.2(a)(2)(B). If there is no intervening arrest, "prior sentences are counted separately unless . . . the sentences resulted from offenses contained in the same charging instrument," or "the sentences were imposed on the same day." *Id.*

8

In *Martin v. United States*, a district court within the Sixth Circuit concluded that the petitioner's trial counsel did not render ineffective assistance when she chose not to proffer further argument that the petitioner's two separate felony convictions, which stemmed from a single arrest, should have been scored as one offense. *Martin v. U.S.*, Nos. 4:09-cr-03, 4:10-cv-35, 2013 WL 4857770, at *2 (E.D. Tenn. Sept. 10, 2013). In *Martin*, the petitioner argued that this attorney was ineffective for failing "to argue, pursuant to U.S.S.G. § 4A1.2, that his two prior felony convictions should have been counted as one felony conviction because there was no intervening arrest" when the petitioner-defendant was convicted of robbery in one county and possession with intent to sell marijuana in a different county. *Id.* The court noted that the petitioner-defendant's attorney indeed raised this exact issue in her motion for a downward variance and that the attorney had pointed out that, if these two separate felony convictions had been scored as a single felonious act, the petitioner would have been assigned a lower criminal history level. *Id.* at *2-3. The court rejected the petitioner-defendant's ineffective assistance claim, concluding that there was no basis for the petitioner-defendant's attorney to have argued that the two felony convictions constituted a single felony sentence under § 4A1.(a)(2) because "[t]he two convictions were in separate courts in separate counties and the sentences were imposed on different dates. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel." *Id.* at *3.

The Court concludes that Hinton does not demonstrate that his counsel's performance was deficient and, thus, Hinton fails to show that his counsel was unconstitutionally ineffective under *Strickland*. ████████████████████████████████████████

████████████████████████████████████████ Second, the Sentencing Guidelines expressly provide that convictions not separated by an intervening arrest are nevertheless scored

9

separately unless either "the sentences resulted from offenses contained **in the same charging instrument**" or "the sentences were imposed on the same day." *See* U.S.S.G. § 4A1.2(a)(2) (emphasis added). Hinton acknowledges that the convictions in paragraphs 46 and 47 were separate convictions handed down in separate courts: "The only reason there were different case numbers is because [the charges] got sent to their respective courts to be tried appropriately." (Doc. No. 45, PageID#305.) ▮

▮

▮ The Sentencing Guidelines require such convictions to be scored separately. § 4A1.2(a)(2); *see also, e.g., Martin*, 2013 WL 4857770, at *3.³ Hinton's attorney was not required to further litigate his objection to paragraphs 46 and 47 being scored separately, as doing so would have been meritless. *Id.* Accordingly, the Court concludes Hinton's attorney's performance was not deficient.

The Court is not persuaded by Hinton's argument that his attorney should have presented the May 8, 2012 police report to demonstrate that the convictions arose out of the same charging instrument. (Doc. No. 34, PageID# 193, 202.) Hinton misidentifies the May 8, 2012 police report as the "charging instrument." (*Id.* at PageID# 202.) However, Hinton's own exhibits clearly demonstrate that Hinton was indicted in three separate court cases, identified by three different case numbers, in three different courts. (*See* Doc. Nos. 34-2, 34-4, 34-6.) Thus, Hinton's argument that

---

³ There is some confusion in Hinton's Reply as to why ▮ ▮ (*See* Doc. No. 45, PageID# 305, "The Defendant would like to respectfully request where the Government got the information that they were different felony cases in different counties . . . .") ▮

10

his attorney should have relied upon the May 8, 2012 police report to demonstrate that his convictions arose out of a single "charging instrument" is without merit.

Additionally, the Court disagrees with Hinton that the instant case is similar to *U.S. v. Honeysucker*. (Doc. No. 41.) In *Honeysucker*, the defendant was convicted of several counts related to a string of violent armed robberies in Michigan. *United States v. Honeysucker*, No. 21-2614, 2023 WL 142265, at *1-2 (6th Cir. Jan. 10, 2023). The district court found the defendant to have a criminal history score of two, placing him in Category II under the U.S.S.G. *Id.* at *8. According to the Sixth Circuit, the district court erroneously assessed an extra criminal history point against the defendant, based on a firearm conviction "that occurred on the same day as the last robbery, for the same weapon used in the robberies, when Honeysucker was in the process of fleeing to avoid capture or detection." *Id.* The Sixth Circuit concluded that the district court should have analyzed the firearm conviction as "relevant conduct" for determining the base level offense, making it "part of the instant offense" for which the defendant was sentenced in federal court, and not a prior conviction. *Id.* Here, however, the question presented is not whether the separate convictions stemming from Hinton's May 8, 2012 arrest are part of the instant offense for which he was sentenced by this Court. Plainly, they are not. *Honeysucker* does not apply.

## IV. CONCLUSION

For the foregoing reasons, Hinton's Motion to Vacate, Set Aside, or Correct his Sentence under § 2255 (Doc. No. 34) is denied. Further, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: April 28, 2023

　*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE