IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:21-CR-00350 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| RAYMOND B. HINTON, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Raymond B. Hinton's ("Defendant" or "Hinton") Motion to Correct CHC[1] Sentencing Error filed on November 7, 2025 ("Defendant's Motion"). (Doc. No. 54.) On November 10, 2025, the United States of America filed the Government's Brief in Opposition to Defendant's Motion. (Doc. No. 56.) Although given the opportunity to file a Reply in support of Defendant's Motion, Hinton did not do so. Accordingly, Defendant's Motion is ripe for a decision. For the reasons set forth below, Defendant's Motion is DENIED.

Hinton asserts that the Presentence Investigation Report ("PSR") writer improperly applied a criminal history point in paragraph 47 of the PSR and concluded then, that his criminal history points totaled 10, placing him in Criminal History Category V. Hinton submits that without the additional criminal history point assigned in paragraph 47 of the PSR, his Criminal History Category would be IV, resulting in a reduced Guidelines Sentencing range.

---

[1] Based upon the substantive argument raised by Hinton in Defendant's Motion, the Court interprets CHC to mean "Criminal History Category."

However, previously this Court denied Hinton's motion to reduce sentence under 18 U.S.C. § 3582(c)(2).  (Doc. No. 51.)  That was because Defendant's sentence is unaffected by either prong of Amendment 821.  (Doc. No. 52.)  The bases for denying Hinton's first motion for a sentence reduction apply to require denial of his current motion.  Defendant was not under a criminal justice sentence when he committed the offense. As Defendant did not receive any status points, there is nothing to reduce under this portion of the amendment, and he is ineligible for a reduction in sentence based on Part A of Amendment 821. Further, even accepting Hinton's argument now that he was improperly assessed an additional criminal history point in paragraph 47 of the PSR and therefore, his criminal history points total 9 instead of 10, placing him in Criminal History Category IV instead of V, the fact remains that Defendant is not a "zero-point offender."  Accordingly, Hinton is not eligible for a reduction to his sentence based on Part B of Amendment 821.

Therefore, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date:  December 9, 2025

  s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE